UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL BRAVO FLORES, et al,<br><br>                Plaintiffs,<br><br>     vs.<br><br>NATURE TECH LANDSCAPING, et al,<br><br>                Defendants. | CLASS ACTION<br><br>No. EDCV-07-00081-JLQ<br><br>MEMORANDUM RE: JULY 15, 2010 PRELIMINARY HEARING |

      The court has before it and has reviewed the Joint Motion For Preliminary Court Approval of Class Action Settlement (Clerk's Record 106) to be heard in Riverside, California on Thursday, July 15, 2010 at 9:30 a.m.

      *Inter alia*, the court wishes counsel to address the following at the July 15, 2010 hearing or prior thereto:

      1. The court ordinarily does not state in the Notice of final hearing that it has given preliminary approval to the proposed settlement since such preliminary approval language may deter members of the class from expressing their opinions and concerns. The usual Notice approved by the court states that the proposed settlement is sufficient to warrant public notice and a final hearing at which time the court will consider the objections, if any, by any member of the class. I note that the proposed Notice incorporates this provision.

      2. At pages 4 & 5 of the Motion, the parties state that the recovery is "substantial" and that "the amounts awarded to each Class Member reflects a <u>percentage</u> of their total asserted claims. Counsel should be prepared to address the percentage and factors justifying less than 100 % recovery. The court will also consider requiring a provision

Memorandum - 1

that if any member of the class fails to file a claim or his check is uncashed, that amount of money shall be held in trust for a specified period of time and if no claim is made within that time period, the unclaimed amount shall be distributed proportionately to the other class members up to a maximum of the entitlement of a class member.

3. It is the court's understanding that the parties propose to have the claim of any non-responding member of the class forfeited if that class member does not file a claim within a short period of time, even if the address of the member is known. There are apparently only 15 remaining class members. The court has reservations as to that provision and believes that the monies stated in the proposed settlement should be paid and distributed to such a class member, even without a claim, if the address of the non-claiming person is known.

4. In ¶ IV-Schedule of Events found on page 6 of the Motion the parties appear to provide for payment to the Class Representatives first and then second, payment of attorney fees even though the full amount of money owing under the settlement is not paid in full. The court has reservations as to this proposal and is of the present opinion that monies when paid should be distributed proportionately to all class members and attorneys.

5. Since a lump sum is not being paid upon entry of the final Order, an appropriate provision in settlements similar to that proposed herein include an agreement by the Defendants to pay the full amount owing within the time specified by the court and if not paid, the entry of a monetary judgment to be entered, including attorney fees incurred in the entry of judgment. Further, in consideration of such a delayed payment provision, and the settlement of the claims for less than 100 %, the Defendants waive the right to discharge their obligation or any judgment rendered thereon in any bankruptcy proceedings. Has consideration been given to requiring the Defendants to post a bond or other security to guarantee payment and/or the requirement that a substantial portion of the settlement be deposited upon the entry of the court's final approval ?

Memorandum - 2

6. The proposed Notice at ¶ III states that the total settlement is in the amount of $332,500 out of which sum Plaintiff's counsel is seeking $114,993. I calculate the proposed payments to the class to be $217,696. While the attorney fee percentage is much higher than ordinarily seen in class action settlements, the court will reserve ruling thereon, but believes the attorney fees should only be paid as monies are received, per ¶ 4 above.

7. I have received the draft Notice attached as Exhibit "B" to the Joint Motion. It is full of "legalese" that does nothing more than confuse class members and possibly deters class members from filing any objections and in this case as proposed, a claim. I believe that a very basic Notice setting forth the basics of the proposed settlement, the right to opt out, the hearing date, and the right to object either before in writing or at the hearing. Because of the few number of class members, I also believe that a form for objection and/or approval should be sent with the Notice to give that right to any class member. If such responses are to be filed with both attorneys, self addressed envelopes should be included with the Notice and an objection/approval form or if not, then mailed only to the Clerk of court who would not be burdened in the distribution due to the small number.

The Notice needs major revision to simplify it. It need not contain all of the language either party wants in the court's final Order. As I read the draft Notice, I made a number of handwritten notes and I will fax those to counsel. However, the final Notice needs to be substantially shortened and simplified to just state the very basics of the proposed settlement including the proposed distributions in order that any class member (Employee) will not be overcome by its complexity and length.

If counsel for the parties feel a telephone conference concerning these matters would be helpful, they may call the court's Judicial Assistant, Margaret Buckner, at 509-458-5280 who will schedule such a conference, although the hearing on the Jont Motion will be held in Reiverside, California on July 15, 2010 as scheduled.

Memorandum - 3

The foregoing are merely matters that were of concern to the court upon its first reading of the proposal submitted to it and should not constitute approval or rejection of any specific portion of the proposed settlement.

The Clerk shall enter this Memorandum and furnish copies to counsel.

Dated this 14th day of June, 2010.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

Memorandum - 4